# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLYDE RETIZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-69-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clyde Retiz pleaded guilty to conspiracy to possess, with intent to distribute, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. The district court overruled Retiz' objection to the drug-quantity calculation in the presentence investigation report (PSR) and sentenced him within the Sentencing Guidelines advisory sentencing range to 140 months'

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-11235

imprisonment.   As he did in district court, Retiz maintains the court erred when it determined the scale of his offense for the purpose of the drug-quantity calculation.

Although post-*Booker,* the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States,* 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo;* its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008).

Accordingly, because the drug-quantity determination is a factual finding, it is reviewed only for clear error. *United States v. Rodriguez-Lopez*, 756 F.3d 422, 434–35 (5th Cir. 2014). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009) (internal quotation marks and citation omitted).

The district court adopted the PSR and its recitation of Retiz' drug-related relevant conduct.  This included, *inter alia*, his admission that he personally distributed one ounce of methamphetamine per week for a year and assisted his cousin in distributing an additional ounce per week for a year, in addition to possessing and distributing cocaine and marijuana on other occasions.  On the basis of those undisputed facts, the court implicitly determined the limited amounts of drugs seized did not reflect the scale of Retiz' conspiracy offense, and, therefore, approximated the drug-quantity for

No. 17-11235

sentencing purposes by aggregating the amounts reflected in the PSR. The court's drug-quantity calculation was consistent with the record, the Guidelines, and our precedent. *See* U.S.S.G. §§ 2D1.1 cmt. n.5 ("Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance."); 2D1.1 cmt. n.7 ("Where there are multiple transactions or multiple drug types, the quantities of drugs are to be added."); *Rhine*, 583 F.3d at 885; *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Retiz fails to cite persuasive authority that aggregating the drug amounts was not required or reasonable.

AFFIRMED.